UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANTONIO VALLIN BRIDGES,

       Petitioner,                        Case No. 1:17-cv-287

v.                                                  Honorable Robert J. Jonker

SHIRLEY HARRY,

       Respondent.
_____/

**<u>OPINION</u>**

This is a habeas corpus action brought by a state prisoner under 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). After undertaking the review required by Rule 4, the Court will dismiss the petition without prejudice for failure to exhaust available state-court remedies. Moreover, in light of the dismissal of the petition, the Court will deny Petitioner's motion for expedited consideration (ECF No. 3) and Petitioner's motion for release on bond (ECF No. 4) as moot.

**Factual Allegations**

Petitioner is presently incarcerated with the Michigan Department of Corrections at the West Shoreline Correctional Facility in Muskegon Heights, Michigan. On December 1, 2015, Petitioner pleaded guilty to three counts of false pretenses – $1,000.00 or more but less than $20,000, MICH. COMP. LAWS § 750.218(4)(a), and admitted to being an habitual offender - third offense, MICH. COMP. LAWS § 769.11. *Bridges v. Barrett*, No. 1:16-cv-1269 (W.D. Mich.) (Plea Tr., ECF No. 21-2, PageID.123–128.)[1] At the sentencing hearing held on December 16, 2015, the trial court sentenced Petitioner to concurrent sentences of 2 ½ to 10 years with 138 days of credit. *Bridges I* (Sentencing Tr., ECF No. 21-3, PageID.150–151.)

In exchange for Petitioner's plea, the prosecutor dismissed two counts charging Petitioner with using a computer to commit a crime, MICH. COMP. LAWS § 752.797(3)(d). The parties also agreed that Petitioner's minimum sentence would not exceed thirty months. Petitioner summarized the factual basis for his plea in his brief to the Michigan Court of Appeals:

> Defendant pretended that he was the landlord of 5009 Devonshire Avenue. He made up 3 false leases, and leased that property to 4 different tenants. The property was in foreclosure and vacant. He took money orders from these individuals and cashed them. In the case of each fraudulent lease, the amount received by the defendant as the 1st month's rent and security deposit was greater than $1000.

*Bridges I* (Def.-Appellant's Br. on Appeal, ECF No. 21-4, PageID.165–166) (internal citations omitted.)

---

[1] The petition presently before the Court is Petitioner's second petition challenging these convictions and sentences. As set forth fully below, Petitioner's first petition was dismissed for failure to exhaust state court remedies on March 17, 2017. That case shall be referenced herein as *Bridges I*. On the same day Petitioner signed the notice of appeal in *Bridges I*, he filed the instant petition. The *Bridges I* dismissal was based on the state court record. Petitioner has asked the Court to resolve this petition on the merits with reference to the state court record submitted in *Bridges I*. (Mot. for Expedited Consideration, ECF No. 3, PageID.21.) Documents filed in *Bridges I* will be referenced herein with the preface of "*Bridges I*" followed by the parenthetical reference to the docket location in that case.

On May 12, 2016, Plaintiff filed a pro per motion to withdraw his plea and correct sentence. The trial court stated it was unable to review the motion or grant the requested relief because Petitioner had obtained appellate counsel and his delayed application for leave to appeal was then currently pending. *Bridges I* (5/16/16 Cir. Court Order, ECF No. 21-5, PageID.263–264.)

**Direct appeal**

Petitioner filed a delayed application for leave to appeal in the Michigan Court of Appeals. His brief, which was filed by counsel on April 18, 2016, raised the following claim:

> IS MR. BRIDGES ENTITLED TO RE-SENTENCING, BECAUSE THE TRIAL COURT ERRED IN SCORING OV 19 WITH 10 POINTS, WHICH INCREASED THE GUIDELINES SENTENCE RANGE?

*Bridges I* (Def.-Appellant's Br. on Appeal, ECF No. 21-4, PageID.164.) On June 8, 2016, the Michigan Court of Appeals denied Petitioner's application for lack of merit in the grounds presented. *Bridges I* (6/8/16 Mich. Ct. App. Order, ECF No. 21-4, PageID.157.) Thereafter, Petitioner filed a motion for reconsideration and a Standard 4 brief, in which he raised the following additional claim:

> The Defendant is entitled to withdraw his plea because the Court *Cobb's* evaluation and plea agreement is based upon inaccurate information that is a violation of Federal and State Due Process clauses.

*Bridges I* (Mot. For Recons., ECF No. 21-4, PageID.227.)

Before the Michigan Court of Appeals ruled on Petitioner's motion for reconsideration, Petitioner filed an application for leave to appeal to the Michigan Supreme Court. Petitioner raised the same claim raised by his counsel to the court of appeals as well as the issue raised in his motion for reconsideration and Standard 4 brief. *Bridges I* (ECF No. 21-5, PageID.251–258.) Next, while both his motion for reconsideration before the court of appeals and

application to the state supreme court were pending, Petitioner filed a motion to remand in the Michigan Court of Appeals. The Court of Appeals returned the motion to remand as untimely, noting that if his motion for reconsideration was granted he could resubmit the motion to remand. *Bridges I* (7/6/16 Mich. Ct. App. Letter, ECF No. 21-4, PageID.237.)

On August 5, 2016, the court of appeals denied Petitioner's motion for reconsideration. *Bridges I* (8/5/16 Mich. Ct. App. Ord., ECF No. 21-4, PageID.248.) Thereafter, by order entered October 26, 2016, the Michigan Supreme Court denied Petitioner's application for leave to appeal because it was not persuaded that the questions presented should be reviewed. *Bridges I* (Mich. Ord., ECF No. 21-5, PageID.250.) Petitioner did not seek certiorari in the United States Supreme Court.

### ***Bridges I***

Petitioner filed the *Bridges I* petition on September 19, 2016,[2] raising the single ground for habeas relief quoted above.[3] On December 1, 2016, the Court ordered Respondent to file an answer or other pleading. *Bridges I* (ECF No. 11.) Later that month, on December 27, 2016, Petitioner filed an amended petition. The amended petition did not appear to be complete as it contained only one ground for relief, which was listed as "ground two" and appeared as follows:

> II. The Petitioner['s] plea agreement render[s] the plea involuntary.

*Bridges I* (Am. Pet. 7, ECF No. 15, PageID.49.) Petitioner also filed a motion to further amend/correct his amended petition, claiming that he subsequently received transcripts from the trial court and that:

---

[2] Thus the *Bridges I* petition was filed even before the Michigan Supreme Court denied his application for leave to appeal.

[3] Petitioner did not raise the sentencing scoring claim in the *Bridges I* petition.

> [U]pon review of the now complete record the Petitioner has discovered that the main issue is ineffective assistance of appellant['s] counsel and the Petitioner's plea was involuntary under the Federal Due Process Clause because the plea agreement was unknow[ing] and induce[d] by the court's misrepresentations.

*Bridges I* (1/23/17 Mot. To Am., ECF No. 18, PageID.61.) The Respondent in *Bridges I* filed an amended response, addressing only the ground raised in Petitioner's original habeas petition and contending that Petitioner had failed to exhaust that claim. *Bridges I* (ECF No. 23.) The Court agreed and dismissed the *Bridges I* petition without prejudice for failing to exhaust available state court remedies. *Bridges I* (ECF Nos. 30-32.)

### **Motion for relief from judgment**

After Petitioner filed the *Bridges I* petition, but before it was dismissed, Petitioner filed a motion for relief from judgment in the Ingham County Circuit Court. *Bridges I* (Ingham County Circuit Court Docket, ECF No. 21-1, PageID.99.) Petitioner has not, in the context of *Bridges I* or this case, specifically identified the issues raised in his post-judgment motion, except that he notes the issues he raises in the instant petition were raised in the motion for relief from judgment. (Pet., ECF No. 1, PageID.6-9.) The trial court denied the motion on January 9, 2017. *Bridges I* (Ingham County Circuit Court Docket, ECF No. 21-1, PageID.99.) Petitioner has not appealed that order. (Pet., ECF No. 1, PageID.6-9.)

### ***Bridges II***

Upon receipt of the *Bridges I* dismissal, Petitioner immediately prepared the instant petition raising two issues:

    I.    Ineffective assistance of appella[te] counsel for failing to order the complete transcripts.

> II. Involuntary plea because the defendant['s] subjective mind misunderstood the plea agreement . . . because he mistaken[ly believed] from the trial court that 30 months minimum sentence includes one year of jail credit . . . .

(Pet., ECF No. 1, PageID.6-7.) Petitioner seeks expedited consideration of his petition (ECF No. 3) and further asks to be released on bond pending resolution on the merits (ECF No. 4). Petitioner claims such extraordinary relief is warranted because if his sentence conformed to his expectations he would be released very soon.

## **Standard of Review**

This action is governed by the Antiterrorism and Effective Death Penalty Act of 1996, PUB. L. 104-132, 110 STAT. 1214 (AEDPA). *See Penry v. Johnson*, 532 U.S. 782, 792 (2001). The AEDPA "prevents federal habeas 'retrials'" and ensures that state court convictions are given effect to the extent possible under the law. *Bell v. Cone*, 535 U.S. 685, 693-94 (2002). The AEDPA has "drastically changed" the nature of habeas review. *Bailey v. Mitchell*, 271 F.3d 652, 655 (6th Cir. 2001). An application for writ of habeas corpus on behalf of a person who is incarcerated pursuant to a state conviction cannot be granted with respect to any claim that was adjudicated on the merits in state court unless the adjudication: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d). This standard is "intentionally difficult to meet." *Woods v. Donald*, 575 U.S. __, 135 S. Ct. 1372, 1376 (2015) (internal quotation marks omitted).

Before the Court may grant habeas relief to a state prisoner, the prisoner must exhaust remedies available in the state courts. 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838,

842 (1999). Exhaustion requires a petitioner to "fairly present" federal claims so that state courts have a "fair opportunity" to apply controlling legal principles to the facts bearing upon a petitioner's constitutional claim. *See O'Sullivan*, 526 U.S. at 842; *Picard v. Connor*, 404 U.S. 270, 275-77 (1971), *cited in Duncan v. Henry*, 513 U.S. 364, 365 (1995), and *Anderson v. Harless*, 459 U.S. 4, 6 (1982). To fulfill the exhaustion requirement, a petitioner must have fairly presented his federal claims to all levels of the state appellate system, including the state's highest court. *Duncan*, 513 U.S. at 365-66, *Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir. 2009); *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). "[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the state's established appellate review process." *O'Sullivan*, 526 U.S. at 845. The district court can and must raise the exhaustion issue *sua sponte* when it clearly appears that habeas claims have not been presented to the state courts. *See Prather v. Rees*, 822 F.2d 1418, 1422 (6th Cir. 1987); *Allen*, 424 F.2d at 138-39.

Petitioner represents that he has raised his habeas issues for the first time in the Ingham County Circuit Court by way of his November, 2016 motion for relief from judgment. (Pet., ECF No. 1, PageID.6-9.) He also acknowledges that he has not appealed the trial courts' denial of his motion; thus, the issues have never been presented to the Michigan appellate courts. (*Id*.) Accordingly, he has failed to exhaust his state court remedies with respect to these issues.

Exhaustion is only a problem, however, if there is a state court remedy available for petitioner to pursue, thus providing the state courts with an opportunity to cure any constitutional infirmities in the state court conviction. *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). An applicant has not exhausted available state remedies if he has the right under state law to raise, by any available procedure, the question presented. 28 U.S.C. § 2254(c). Petitioner has a procedural remedy available

in the form of an appeal of the order denying relief from judgment to the Michigan Court of Appeals and, if he does not prevail there, to the Michigan Supreme Court.

Petitioner's application is subject to the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1). Under § 2244(d)(1)(A), the one-year limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." Petitioner appealed his conviction to the Michigan Court of Appeals and the Michigan Supreme Court. The Michigan Supreme Court denied his application on October 26, 2016. Petitioner did not petition for certiorari to the United States Supreme Court, though the ninety-day period in which he could have sought review in the United States Supreme Court is counted under § 2244(d)(1)(A). *See Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000). The ninety-day period expired on January 24, 2017. Accordingly, absent tolling, Petitioner would have one year, until January 24, 2018, in which to file his habeas petition.

In Petitioner's case, however, he filed a motion for relief from judgment in the Ingham County Circuit Court on November 4, 2016, *Bridges I* (Ingham County Circuit Court Docket, ECF No. 21-1, PageID.99), before the period of limitation commenced running. That motion tolled the running of the statute of limitations. 28 U.S.C. § 2244(d)(2) ("The time during which properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section."). Although the trial court has denied the motion, it remains pending in the state courts. The period of limitation remains tolled until the end of the period in which Petitioner could have appealed the denial of his motion for relief from judgment. *See Holbrook v. Curtin*, 833 F.3d 612, 619 (6th Cir. 2016). Petitioner has six months after January 9, 2017 (the date the trial court denied his post-conviction

motion), or until July 9, 2017, in which to file a delayed application for leave to appeal in the Michigan Court of Appeals. *See* MICH. CT. R. 7.205(G)(3). Accordingly, the soonest Petitioner's period of limitation would begin to run is still almost two months away. He will have a year after the period begins to run to file his habeas claims.

In *Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002), the Sixth Circuit held that when the dismissal of a "mixed"[4] petition could jeopardize the timeliness of a subsequent petition, the district court should dismiss only the unexhausted claims and stay further proceedings on the remaining portion until the petitioner has exhausted his claims in the state court. The Court indicated that thirty days was a reasonable amount of time for a petitioner to file a motion for post-conviction relief in state court, and another thirty days was a reasonable amount of time for a petitioner to return to federal court after he has exhausted his state-court remedies. The instant case does not present a mixed petition because none of Petitioner's claims are exhausted. It is unclear whether *Palmer* applies to a "non-mixed" petition. Assuming *Palmer* applies, Petitioner has more than sixty days remaining in the limitations period, and, thus, he is not in danger of running afoul of the statute of limitations so long as he diligently pursues his state court remedies. Therefore, a stay of these proceedings is not warranted.

Petitioner requests that the Court excuse the exhaustion requirement here because, he claims, by the time he has exhausted his claim it will be too late for this Court to provide any relief. The exhaustion requirement is premised on "the presumption that states maintain adequate and effective remedies to vindicate federal constitutional rights." *Turner v. Bagley*, 401 F.3d 718, 724

---

[4] A "mixed petition" is a habeas corpus petition that contains both exhausted and unexhausted claims. *See Rose v. Lundy*, 455 U.S. 509, 522 (1982).

(6th Cir. 2005). The habeas statute identifies circumstances where a habeas petitioner may avoid the exhaustion requirement because the premise of the exhaustion requirement has failed:

> (b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that--
>
> (A) the applicant has exhausted the remedies available in the courts of the State; or
>
> (B)(i) there is an absence of available State corrective process; or
>
> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

28 U.S.C. § 2254. Courts have found circumstances excusing a failure to exhaust where there is "'[i]nordinate delay in adjudicating state court claims[,]'" *Phillips v. White*, __ F.3d __ , 2017 WL 992509 at *5 (6th Cir. March 15, 2017) (quoting *Workman v. Tate*, 957 F.2d 1339, 13544 (6th Cir. 1992)); where a claim is "considered, though ignored, by the state-appellate courts[,]" *Sanders v. Lafler*, 618 F. Supp. 2d 724, 732 (E.D. Mich. 2009); or where there is no state corrective process, as is the case with respect to an equal protection challenge to a parole denial, *Jackson v. Jamrog*, 411 F.3d 615, 618 (6th Cir. 2005).

Petitioner has failed to identify any extraordinary circumstance that excuses his failure to exhaust. There has been no inordinate delay. Petitioner completed the direct review of his conviction and sentence in less than a year. Petitioner's claim has not been considered, but ignored, by the Michigan appellate courts. He has not even provided the Michigan appellate courts a chance to review the denial of his motion for relief from judgment. Moreover, state corrective process remains. Petitioner may file a delayed application for leave to appeal to the Michigan Court of

Appeals as late as July 9, 2017. Petitioner's failure to exhaust, therefore, warrants dismissal under the statute.

## Pending Motions

Petitioner has filed two motions: a motion for expedited consideration (ECF No. 3), and a motion for release on bond pending decision on the petition. The Court's dismissal of the petition without prejudice effectively moots both motions.

## Conclusion

For the foregoing reasons, the Court will dismiss the petition for failure to exhaust available state-court remedies.

## Certificate of Appealability

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This Court's dismissal of Petitioner's action under Rule 4 of the Rules Governing § 2254 Cases is a determination that the habeas action, on its face, lacks sufficient merit to warrant service. It would be highly unlikely for this Court to grant a certificate, thus indicating to the Sixth Circuit Court of Appeals that an issue merits review, when the Court already has determined that the action is so lacking in merit that service is not warranted. *See Love v. Butler*, 952 F.2d 10 (1st Cir. 1991) (it is "somewhat anomalous" for the court to summarily dismiss under Rule 4 and grant a certificate); *Hendricks v. Vasquez*, 908 F.2d 490 (9th Cir. 1990) (requiring reversal where court summarily dismissed under Rule 4 but granted certificate); *Dory v. Comm'r of Corr.*, 865 F.2d 44, 46 (2d Cir. 1989) (it was "intrinsically contradictory" to grant a certificate when habeas action does not warrant service under

Rule 4); *Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983) (issuing certificate would be inconsistent with a summary dismissal).

The Sixth Circuit Court of Appeals has disapproved the issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined each of Petitioner's claims under the *Slack* standard.

This Court denied Petitioner's application on the procedural ground of lack of exhaustion. Under *Slack*, 529 U.S. at 484, when a habeas petition is denied on procedural grounds, a certificate of appealability may issue only "when the prisoner shows, at least, [1] that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and [2] that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Both showings must be made to warrant the grant of a certificate. *Id.* The Court finds that reasonable jurists could not debate that this Court correctly dismissed the petition on the procedural ground of lack of exhaustion. The lack of exhaustion is apparent on the face of the petition. "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.* Therefore, the Court denies Petitioner a certificate of appealability.

A Judgment consistent with this Opinion will be entered.


Date: April 14, 2017            /s/ Robert J. Jonker
                                ROBERT J. JONKER
                                CHIEF UNITED STATES DISTRICT JUDGE